

EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN AND ASHLEY EWALD, | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| VERSUS | § | |
| | § | |
| MAISON INSURANCE COMPANY, | § | |
| | § | |
| *Defendant* | § | |
| | § | |

---

## INDEX OF STATE COURT PLEADINGS

---

The following is an index of all documents that clearly identifies each document and indicates the date the document was filed in the 215th Judicial District Court of Harris County, Texas (if applicable) in this case:

| **Exhibit** | **Date** | **Document** |
|---|---|---|
| C-01 | 11/21/2019 | Register of Actions |
| C-02 | 11/21/2019 | Plaintiff's Original Petition, Jury Demand, and Request for Disclosure |
| C-03 | 11/21/2019 | Request for Service on Maison Insurance Company |
| C-04 | 12/02/2019 | Service Return - Christopher Burt |
| C-05 | 12/03/2019 | Service Return - Maison Insurance Company |

1

| C-06 | 12/27/2019 | Defendant's Election to Accept Liability Per Texas Insurance Code 542 A.006, Answer to Plaintiff's Original Petition, and Jury Demand |
| C-07 | 1/6/2020 | Defendant's Motion to Dismiss Christopher Burt Pursuant to Section 542 A.006 of the Texas Insurance Code |
| C-08 | 1/31/2020 | Joint Motion to Dismiss Christopher Burt Pursuant to Section 542 A.006 of the Texas Insurance Code |
| C-09 | 2/4/2020 | Signed Order Granting Joint Motion to Dismiss |
| C-10 | 2/13/2020 | Notice of Filing Notice of Removal |

Respectfully submitted,

**BARRY & COMPANY, LLC**


/s/ *Stephen R. Barry*
STEPHEN R. BARRY
*A Professional Law Corporation*
(TX Bar Roll No. 24082195)
Southern District of Texas Federal ID No. 3205201
612 Gravier Street
New Orleans, Louisiana 70130
Telephone:  (504) 525-5553
Facsimile:  (504) 525-1909
Email:  sbarry@barrylawco.com
*Attorneys for MAISON INSURANCE COMPANY*


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

2

(   )  Hand Delivery            (   )  Prepaid U.S. Mail

(   )  Facsimile                (   )  Federal Express

( X )  Electronic Mail        ( X )  PACER or other Court notification

New Orleans, Louisiana this 13th day of February, 2020.

*/s/ Stephen R. Barry*_____

**STEPHEN R. BARRY**

3

**HCDistrictclerk.com**     EWALD, STEPHEN vs. MAISON INSURANCE                    2/12/2020
                            COMPANY
                            Cause: 201983927          CDI: 7      Court: 215

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 11/21/2019 |
| **Case (Cause) Location** | Civil Intake 1st Floor |
| **Case (Cause) Status** | Ready Docket |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA |
| **Next/Last Setting Date** | 2/15/2021 |
| **Jury Fee Paid Date** | 11/21/2019 |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 215th |
| **Address** | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686330 |
| **JudgeName** | ELAINE H PALMER |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| EWALD, STEPHEN | PLAINTIFF - CIVIL | | WILSON, CHAD TROY |
| MAISON INSURANCE COMPANY | DEFENDANT - CIVIL | | BARRY, STEPHEN ROBERT |
| EWALD, ASHLEY | PLAINTIFF - CIVIL | | WILSON, CHAD TROY |
| MAISON INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT | REGISTERED AGENT | | |
| BURT, CHRISTOPHER BY SERVING | REGISTERED AGENT | | |

## INACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| BURT, CHRISTOPHER | DEFENDANT - CIVIL | | BARRY, STEPHEN |

ROBERT

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 2/4/2020 | PARTIAL DISMISSAL ON PLAINTIFF'S MOTION | 2/4/2020 | | 1 | | | |
| 2/4/2020 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 2/4/2020 | | 3 | | | |
| 12/27/2019 | ANSWER ORIGINAL PETITION | | | 0 | | BARRY, STEPHEN ROBERT | MAISON INSURANCE COMPANY |
| 12/27/2019 | ANSWER ORIGINAL PETITION | | | 0 | | BARRY, STEPHEN ROBERT | BURT, CHRISTOPHER |
| 11/21/2019 | ORIGINAL PETITION | | | 0 | | WILSON, CHAD TROY | EWALD, ASHLEY |
| 11/21/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 11/21/2019 | ORIGINAL PETITION | | | 0 | | WILSON, CHAD TROY | EWALD, STEPHEN |

## SETTINGS

| Date | Court Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|------|-----------------|-------------|--------|---------|----------|------------------|
| 2/03/2020 08:30 AM | 215 | Trial Coordinators Docket | COURT SCHEDULING ORDER | Passed | | |
| 2/15/2021 09:00 AM | 215 | Trial Setting | Trial on Merits | | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | MAISON INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT | 11/21/2019 | 11/21/2019 | 10/3/2019 | | | 73698947 | CIV AGCY- CIVILIAN SERVICE AGENCY |
| | 1999 BRYAN STREET SUITE 900 DALLAS TX 75201 | | | | | | | | | |
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | | 11/21/2019 | | | | | 73698951 | CIV AGCY- CIVILIAN SERVICE AGENCY |
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | BURT, CHRISTOPHER BY SERVING | 11/21/2019 | 11/21/2019 | | | | 73698956 | CIV AGCY- CIVILIAN SERVICE AGENCY |
| | 16516 EL CAMINO REAL SUITE 327 HOUSTON TX 77062 | | | | | | | | | |
| | 16516 EL CAMINO REAL SUITE 327 HOUSTON TX 77062 | | | | | | | | | |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | | 11/21/2019 | 11/22/2019 | 12/2/2019 | | | 73699112 | CIV AGCY- CIVILIAN SERVICE AGENCY |
| | 16516 EL CAMINO REAL SUITE 327 HOUSTON TX 77062 | | | | | | | | | |

## Notices

| Notice Date | Activity Date | Description | Connection To Case | Name | Address | Phone |
|---|---|---|---|---|---|---|
| 2/6/2020 | 2/4/2020 | | 0 | BARRY, STEPHEN ROBERT | 405 WEST MAIN, LAFAYETTE, TX 70501 | 337-237-2889 |
| 2/6/2020 | 2/4/2020 | | 0 | WILSON, CHAD TROY | 455 EAST MEDIC, WEBSTER, TX 77598 | 832-415-1432 |
| 2/6/2020 | 2/4/2020 | | 0 | BURT, CHRISTOPHER | 16516 EL CAMINO, HOUSTON, TX 77062 | |
| 2/6/2020 | 2/4/2020 | | 0 | BARRY, STEPHEN ROBERT | 405 WEST MAIN, LAFAYETTE, TX 70501 | 337-237-2889 |
| 2/6/2020 | 2/4/2020 | | 0 | WILSON, CHAD TROY | 455 EAST MEDIC, WEBSTER, TX 77598 | 832-415-1432 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 89268800 | PARTIAL DISMISSAL ON PLAINTIFF'S MOTION | | 02/04/2020 | 1 |
| 89268897 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | | 02/04/2020 | 3 |
| 89195811 | Joint Motion to Dismiss Christopher Burt Pursuant to Section 542A.006 of the Texas Insurance Code | | 01/31/2020 | 3 |
| -> 89195813 | Exhibit A | | 01/31/2020 | 13 |
| -> 89195815 | Exhibit B | | 01/31/2020 | 1 |
| 89195937 | Proposed Docket Control Order | | 01/31/2020 | 3 |
| 89156722 | Rule 11 Agreement | | 01/29/2020 | 1 |
| 88836167 | DCA Generic Letter | | 01/09/2020 | 2 |
| 88787111 | Defendant's Motion to Dismiss Christopher Burt Pursuant to Section 542A.006 of the Texas Insurance Code | | 01/06/2020 | 3 |
| -> 88787113 | Exhibit A | | 01/06/2020 | 13 |
| -> 88787114 | Exhibit B | | 01/06/2020 | 1 |
| -> 88787112 | Proposed Order | | 01/06/2020 | 1 |
| 88691674 | Defendants' Election To Accept Liabilty Per Texas Insurance Code 542.A.006, Answer To Plaintiff's Original Petition, And Jury Demand | | 12/27/2019 | 13 |
| | Defendants' Election To Accept Liabilty Per Texas Insurance Code 542.A.006, Answer To Plaintiff's Original Petition, And Jury Demand | | 12/27/2019 | |
| 88399231 | Citation | | 12/05/2019 | 1 |
| 88373794 | Service Return | | 12/04/2019 | 1 |
| 88205562 | PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE | | 11/21/2019 | 19 |
| -> 88205563 | REQUEST FOR ISSUANCE OF SERVICE | | 11/21/2019 | 2 |
| -> 88205564 | REQUEST FOR ISSUANCE OF SERVICE | | 11/21/2019 | 1 |
| 88289476 | Civil Process Pick-Up Form | | 11/21/2019 | 1 |

CAUSE NO.   201983927

RECEIPT NO.                    0.00      CIV
          **********        TR # 73699112

PLAINTIFF: EWALD, STEPHEN                    In The   215th
          vs.                                Judicial District Court
DEFENDANT: MAISON INSURANCE COMPANY          of Harris County, Texas
                                             215TH DISTRICT COURT
                                             Houston, TX

                            CITATION

THE STATE OF TEXAS
County of Harris

TO: BURT, CHRISTOPHER
    16516  EL CAMINO REAL SUITE 327   HOUSTON  TX  77062 - 5723
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 21st day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 22nd day of November, 2019, under my hand and
seal of said Court.

Issued at request of:                        MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                            Harris County, Texas
455  EAST MEDICAL CENTER BLVD                201 Caroline, Houston, Texas 77002
SUITE 555                                    (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX  77598
Tel: (832) 415-1432                          Generated By: GILBERT, COURTNI NICOLE
Bar No.:  24079587                           U5U//11386324

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                  _____ of _____County, Texas

_____       By _____

11/21/2019 11:13 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38691669
By: Courtni Gilbert
Filed: 11/21/2019 11:13 AM

**2019-83927 / Court: 215**
CAUSE NO.

| | | |
|---|---|---|
| STEPHEN AND ASHLEY EWALD, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| MAISON INSURANCE COMPANY | § | |
| AND CHRISTOPHER BURT, | § | |
| | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Stephen and Ashley Ewald, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Maison Insurance Company ("Maison") and Christopher Burt ("Burt") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiffs, Stephen and Ashley Ewald, reside in Harris County, Texas.

3. Defendant, Maison Insurance Company, is an insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Maison Insurance Company through its registered agent for service: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140. Plaintiffs request service at this time.

4.    Defendant Christopher Burt is an individual resident of Houston, Texas.  Burt may be served with citation at the address listed with the Texas Department of Insurance: **16516 El Camino Real, Suite 327, Houston, Texas, 77062-5723**.  Plaintiffs request service at this time.

## JURISDICTION

5.    The Court has jurisdiction over Maison because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Maison's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.    The Court has jurisdiction over Burt because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.    Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.    Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiffs own a Maison Insurance Company homeowner's insurance policy, number 516805 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 12622 Imperial Crossing Dr., Tomball, TX 77377 ("the Property").

10.    Maison or its agent sold the Policy, insuring the Property, to Plaintiffs. Maison or its agent
       represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage
       to Plaintiffs' property. Maison has refused the full extent of that coverage currently owed
       to Plaintiffs.

11.    On or about May 19, 2019, the Property sustained extensive damage resulting from a severe
       storm that passed through the Tomball, Texas area.

12.    In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Maison against
       the Policy for damage to the Property. Maison assigned claim number 17717 to Plaintiffs'
       claim.

13.    Plaintiffs asked Maison to cover the cost of damage to the Property pursuant to the Policy.

14.    Damaged areas of the property include, but are not limited to, the roof, vents, flashings,
       windows, gutters and downspouts. The storm compromised the integrity of the roof
       allowing water to enter, causing water damage to the following areas of the interior:
       Laundry room.

15.    Maison assigned or hired Christopher Burt to adjust the claim.

       a.  Burt had a vested interest in undervaluing the claims assigned to him by Maison in
           order to maintain his employment. The disparity in the number of damaged items
           in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of
           fraud on the part of Burt. The valuation of damages that were included in Burt's
           report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on
           the part of Burt.

       b.  Furthermore, Burt was aware of Plaintiffs' deductible before visiting the Property
           to conduct the inspection. Burt had advanced knowledge of what amount of
           damages he needed to find in order to either deny the claim or find the claim below

3

the deductible.

    c.  Burt made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

    d.  Burt made further misrepresentations to Plaintiffs during his inspection. Burt used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16.    Maison, through its agents, namely Burt, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.    The initial adjustment of the claim occurred on or around July 15, 2019. Burt found that there was only $755.67 in damage from a covered peril to the roof of the property.

18.    After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' property.

19.    To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $20,936.62.

20.    Since due demand was made on September 20, 2019, Maison has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

21.    As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim

4

properly, Maison failed to provide full coverage due under the Policy.

22.    As a result of Maison's failure to provide full coverage, along with Maison's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

23.    Maison failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Maison refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

24.    Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Maison and Plaintiffs.

25.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy. Specifically, Defendants have failed to timely pay Plaintiffs' coverage due under the Policy.

26.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

27.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiffs under the terms of the Policy. Specifically, Maison, through its agents, servants, and representatives, namely Burt, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of

5

Plaintiffs' losses on the Property.

28.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment
       of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny
       Plaintiffs' full claim within the statutorily mandated time after receiving all necessary
       information.

29.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment
       of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under
       the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants
       have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not
       received full payment for the claim.

30.    Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional
       services of the attorneys and law firm representing them with respect to these causes of
       action.

# CAUSES OF ACTION AGAINST DEFENDANT MAISON INSURANCE COMPANY
## BREACH OF CONTRACT

31.    All allegations above are incorporated herein.

32.    Maison is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and
       intentional breach of the common-law duty of good faith and fair dealing. It follows, then,
       that the breach of the statutory duties constitutes the foundation of an intentional breach of
       the insurance contract between Maison and Plaintiffs.

33.    Maison's failure and/or refusal to pay adequate coverage as obligated under the terms of
       the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance
       contract with Plaintiffs.

6

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

34.     All allegations above are incorporated herein.

35.     Maison's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36.     Maison's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.     Maison's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.     Maison's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.     Maison's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.     Maison's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

41.     All allegations above are incorporated herein.

42.     Maison's conduct constitutes multiple violations of the Texas Insurance Code, Prompt
        Payment of Claims. All violations made under this article are actionable by TEX. INS.
        CODE §542.060.

43.     Maison's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim
        within the applicable time constraints constitutes a non-prompt payment in violation of
        TEX. INS. CODE §542.056.

44.     Maison's delay in paying Plaintiffs' claim following receipt of all items, statements, and
        forms reasonably requested and required, for longer than the amount of time provided,
        constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     All allegations above are incorporated herein.

46.     Maison's conduct constitutes a breach of the common-law duty of good faith and fair
        dealing owed to an insured in insurance contracts.

47.     Maison's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim,
        although, at that time, Maison knew or should have known by the exercise of reasonable
        diligence that liability was reasonably clear, constitutes a breach of the duty of good faith
        and fair dealing.

## DTPA VIOLATIONS

48.     All allegations above are incorporated herein.

49.     Maison's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods

and services provided by Maison pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Maison. Specifically, Maison's violations of the DTPA include, without limitation, the following matters:

    a. By its acts, omissions, failures, and conduct, Maison has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Maison's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

    b. Maison represented to Plaintiffs that the Policy and Maison's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

    c. Maison also represented to Plaintiffs that the Policy and Maison's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

    d. Furthermore, Maison advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

    e. Maison breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

    f. Maison's actions are unconscionable in that Maison took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Maison's

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

g. Maison's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of Maison is a producing cause of Plaintiffs' damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

51. All allegations above are incorporated herein.

52. Maison is liable to Plaintiffs for common-law fraud.

53. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Maison knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54. Maison made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT CHRISTOPHER BURT

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55. All allegations above are incorporated herein.

56.   Burt's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57.   Burt is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Maison, because Burt is a "person," as defined by TEX. INS. CODE §541.002(2).

58.   Burt knowingly underestimated the amount of damage to the Property.  As such, Burt failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59.   Furthermore, Burt did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

60.   Burt's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

61.   Burt's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62.   All allegations above are incorporated herein.

63.   Burt's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Burt pursuant to the DTPA.  Plaintiffs have met all conditions

11

precedent to bringing this cause of action against Burt. Specifically, Burt's violations of the DTPA include the following matters:

    a.  By this Defendant's acts, omissions, failures, and conduct, Burt has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Burt's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability have become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

    b.  Burt represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

    c.  Burt represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

    d.  Burt's actions are unconscionable in that Burt took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Burt's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

    e.  Burt's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.    Each of Burt's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and

"intentionally" by Burt, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## FRAUD

65.     All allegations above are incorporated herein.

66.     Maison assigned or hired Burt to adjust the claim.

   a.   Burt had a vested interest in undervaluing the claims assigned to him by Maison in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Burt. The valuation of damages that were included in Burt's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Burt.

   b.   Furthermore, Burt was aware of Plaintiffs' deductible before even visiting the Property to conduct the inspection. Burt had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

   c.   Burt made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' property.

   d.   Burt made further misrepresentations to Plaintiffs during his inspection. Burt used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

67.   All allegations above are incorporated herein.

68.   Burt was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

   a.   Failure to conduct a reasonable inspection;

   b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

   c.   Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

   d.   Failure to identify the cost of proper repairs to Plaintiffs' Property; and

   e.   Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

69.   Burt's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

70.   At all relevant times, Burt was an agent or employee of Defendant Maison.

71.   Burt's unreasonable inspection was performed within the course and scope of his duties with Defendant Maison. Therefore, Maison is also liable for the negligence of Burt through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

72.   All allegations above are incorporated herein.

73.   Burt's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a.  Burt's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

    b.  Burt had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74.    Burt intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Maison. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

<strong>KNOWLEDGE</strong>

75.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

<strong>WAIVER AND ESTOPPEL</strong>

76.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

<strong>DAMAGES</strong>

77.    Since the claim was made, Maison has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy. This has

15

caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

78. Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

79. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

80. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

81. The damage to Plaintiffs' Property is currently estimated at $20,936.62.

82. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

84.    For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Maison owed, and exemplary damages.

85.    Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.    For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the

88.  reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

89.  As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  This statement from Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

90.  Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

91.  Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Maison Insurance Company and Christopher Burt, be cited and served to appear, and that upon trial hereof, Plaintiffs,  Stephen and Ashley Ewald, have and recovers from Defendants, Maison Insurance Company and Christopher Burt, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive

Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Stephen and Ashley Ewald, may show Plaintiffs are justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

11/21/2019 11:13:01 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38691669
By: GILBERT, COURTNI N
Filed: 11/21/2019 11:13:01 AM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

CASE NUMBER: _____     CURRENT COURT: _____

Name(s) of Documents to be served: **Plaintiff's Original Petition, Jury Demand and Request for Disclosure**

FILE DATE: **November 20, 2019**

# EXHIBIT C-3

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to:       **Maison Insurance Company**
Address of Service:   C T Corporation System, 1999 Bryan Street, Suite 900
City, State & Zip:      Dallas, Texas 75201-3140

Agent (if applicable)_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [x] **Citation**      [ ] **Citation by Posting**     [ ] **Citation by Publication**    [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**                              **Newspaper**_____
- [ ] **Temporary Restraining Order**       [ ] **Precept**                     [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ( $12.00)**   [ ] **Capias (not an E-Issuance)**   [ ] **Attachment**
- [ ] **Certiorari**                              [ ] **Highway Commission ( $12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus**                          [ ] **Injunction**                  [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)**_____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)***:**
- [ ] **ATTORNEY PICK-UP (phone)** _____   [ ] **CONSTABLE**
- [ ] **MAIL to attorney   at:**_____

- [ ] **CERTIFIED MAIL by District Clerk**    [ ] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
       **(Note:) CAPIAS is not an E-Issuance Option**
- [x] **CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Service**
       **Phone: (469) 291-5005**

- [x] **OTHER, dbullock@cwilsonlaw.com**

Issuance of Service Requested By**:** Attorney/Party Name:  **Chad T. Wilson Law Firm, PLLC**

Bar # or ID: **24079587**

Mailing Address: **455 East Medical Center, Suite 555, Webster, Texas 77598**

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 201983927

RECEIPT NO. _____ 0.00 CIV
********** TR # 73699112

PLAINTIFF: EWALD, STEPHEN
vs.
DEFENDANT: MAISON INSURANCE COMPANY

In The 215th
Judicial District Court
of Harris County, Texas
215TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

# EXHIBIT C-4

TO: BURT, CHRISTOPHER
16516 EL CAMINO REAL SUITE 327 HOUSTON TX 77062 - 5723
Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>21st day of November, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 22nd day of November, 2019, under my hand and seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455 EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX 77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: GILBERT, COURTNI NICOLE
U5U//11386324

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at *1:40* o'clock *P*.M., on the *26* day of *November*, *2019*.
Executed at (address) *14210 LEAFY ELM COURT HOUSTON TX 77062* in
*HARRIS* County at *4:04* o'clock *P*.M., on the *2* day of *December*,
*2019*, by delivering to *CHRISTOPHER BURT* defendant, in person, a
true copy of this Citation together with the accompanying *1* copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this *2* day of *December*, *2019*.

FEE: $_____

*Augustine Ezemba*
of *Harris* County, Texas

*December PSC #14730 Exp. 04/30/2021*
Affiant

By *N/A*
Deputy

On this day, *Augustine Ezemba*, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this *2nd* day of *December*, *2019*.

Notary Public

PAMELA RENEE HALL
Notary Public, State of Texas
Comm. Expires 08-16-2021
Notary ID 125359861

N.INT.CITR.P

*73699112*

# EXHIBIT C-5



MARA VELASCO
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS**   **LTR**   **1 OF 1**

**SHIP TO:**
  DEAN STROUD
  2253618701
  MAISON INSURANCE COMPANY
  9100 BLUEBONNET CENTRE BLVD STE 502
  **BATON ROUGE  LA 70809**



# LA 707 0-70



## UPS NEXT DAY AIR

TRACKING #: 1Z X21 278 01 3598 9031

**1**

BILLING: P/P

Reference No.1: SOP/2401130/536746701/CT SOP Custo

XOL 19.10.10      NV45 20.0A 10/2019



1459014

7

Origin: Wolters Kluwer UPS 562130

**UPS Tracking # :** 1ZX212780135989031

**Created By :** Shubham Varshney

**Created On :** 12/04/2019 01:41 PM

**Recipient :**

| **Dean Stroud** | |
|---|---|
| Title : | Vice President of Operations |
| Customer : | Maison Insurance Company |
| Address : | 9100 Bluebonnet Centre Blvd Ste 502 |
| Email : | dstroud@maisonins.com |
| Phone : | 225-361-8701    Fax :   - |

**Package Type :** Envelope

**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 536746701 | 201983927 | Maison Insurance Company |

CT Corporation

**Service of Process Transmittal**
12/03/2019
CT Log Number 536746701

**TO:**   Dean Stroud, Vice President of Operations
Maison Insurance Company
9100 Bluebonnet Centre Blvd Ste 502
Baton Rouge, LA 70809-2953

**RE:**   **Process Served in Texas**

**FOR:**   Maison Insurance Company  (Domestic State: LA)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | STEPHEN EWALD AND ASHLEY EWALD, PLTFS. vs. MAISON INSURANCE COMPANY AND CHRISTOPHER BURT, DFTS. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition |
| **COURT/AGENCY:** | 215th Judicial District Court Harris County, TX<br>Case # 201983927 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/03/2019 at 12:31 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Chad T. Wilson<br>Chad T Wilson Law Firm Pllc<br>455 East Medical Center Blvd., Suite 555<br>Webster, TX 77598<br>832-415-1432 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780135989031 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-203-1500<br>DealTeam@wolterskluwer.com |

Page 1 of  1 / SV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CAUSE NO.  201983927

RECEIPT NO.                              0.00       CIV
\* \* \* \* \* \* \* \* \* \*                      TR # 73698947

PLAINTIFF: EWALD, STEPHEN
            vs.                          In The    215th
DEFENDANT: MAISON INSURANCE COMPANY      Judicial District Court
                                         of Harris County, Texas
                                         215TH DISTRICT COURT
                                         Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: MAISON INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
    C T CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900   DALLAS TX  75201 - 3140
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 21st day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 21st day of November, 2019, under my hand and
seal of said Court.

Issued at request of:                    MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                        Harris County, Texas
455  EAST MEDICAL CENTER BLVD            201 Caroline, Houston, Texas 77002
SUITE 555                                (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX  77598
Tel: (832) 415-1432                      Generated By: GILBERT, COURTNI NICOLE
Bar No.: 24079587                        U5U//11386324

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                         _____ of _____County, Texas

_____             By _____
        Affiant                               ·    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                         _____
                                              Notary Public

N.INT.CITR.P                    *73698947*

12/27/2019 11:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39518201
By: Joshua Bovell
Filed: 12/27/2019 11:31 AM

CAUSE NO. 2019-83927/COURT: 215

| | | |
|---|---|---|
| STEPHEN AND ASHLEY EWALD | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MAISON INSURANCE COMPANY | § | |
| AND CHRISTOPHER BURT, | § | |
| | § | |
| *Defendants,* | § | _____ JUDICIAL DISTRICT |

---

### DEFENDANTS' ELECTION TO ACCEPT LIABILITY
### PER TEXAS INSURANCE CODE 542 A.006,
### ANSWER TO PLAINTIFF'S ORIGINAL PETITION, AND JURY DEMAND

---

MAISON INSURANCE COMPANY and CHRISTOPHER BURT, have been named as Defendants in the above styled cause, and in answer to the Plaintiff's Original Petition filed therein would respectfully show the court and jury the following:

### MAISON'S ELECTION TO ACCEPT LIABILITY OF CHRIS BURT

Pursuant to the provisions of Texas Insurance Code Section 542A.006 (a) Defendant Maison hereby provides notice of its election to accept liability for whatever liability its adjuster/agent – Burt – might have to plaintiffs for Burt's alleged acts or omission in connection with the claim at issue herein as set for in the Petition.

As such Section 542A.006 (c) mandates that the court "shall dismiss the agent [Burt] with prejudice."

1

**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations contained within Plaintiffs' Original Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

**FIRST DEFENSE**

Defendants specifically plead that the plaintiffs' Petition fails to state a claim upon which relief can be granted.  Defendant, Burt invokes Texas Insurance Code Section 542A.006.

**SECOND DEFENSE**

Plaintiffs have failed to comply with the policy's provisions despite proper notice by Maison.

**THIRD DEFENSE**

Defendants specifically plead all terms, conditions, limitations and exclusions in the relevant insurance policy, which is incorporated by reference as though reproduced *in extenso*, including but not limited to the applicable policy limits, deductibles, exclusions, definitions, loss adjustment provisions, repair and replacement and depreciation provisions, appraisal provisions and all other provisions of the policy and/or amendments and endorsements that apply to the claimed loss.

**FOURTH DEFENSE**

Plaintiffs' claim is barred, in whole or in part, because Plaintiffs' insurance claim was reasonably investigated, adjusted and the results conveyed to plaintiff.  Any alleged liability for the insurance claim in question is denied, or alternatively did not become and is not reasonably clear based on defendants fair and reasonable adjustment that was supported by inspections and expert evaluation.  Defendants properly applied the deductible and the policy term and pre-existing

2

damages provisions of the policy and properly concluded that no amounts were owed to plaintiff's for this alleged loss.

## FIFTH DEFENSE

Plaintiffs' claim is barred, in whole or in part, because there exist bona fide and legitimate issues with regard to the construction or applicability of certain insurance policy provisions and exclusions, compliance by Plaintiffs with obligations under the policy under which Plaintiffs purport to be claiming in this action, the nature and extent of the damages and losses alleged by Plaintiffs, and the reasonableness of the sums claimed by Plaintiffs.

## SIXTH DEFENSE

Plaintiffs cause of action is barred and Plaintiffs are not entitled to any relief on the alleged causes of action to the extent that Plaintiffs failed to mitigate Plaintiffs' contended damages.

## SEVENTH DEFENSE

Plaintiffs have the duty to establish the applicability of any exception to a policy exclusion by the greater weight and degree of credible evidence.

## EIGHTH DEFENSE

To any extent Plaintiffs allege any breach of the duty of good faith and fair dealing, Plaintiffs are precluded from any such recovery in the absence of any breach of the policy of insurance under which Plaintiffs purport to be claiming in this action. See *Liberty Mutual Insurance Co. v. Akin*. 927 S.W.2d 627, 629 (Tex. 1996).

## NINTH DEFENSE

To any extent Plaintiffs allege any supposed claims under the Texas Insurance Code in the Complaint, Plaintiffs are precluded from any recovery or relief thereunder because, among other things, (a) Plaintiffs failed to satisfy one or more conditions precedent to any recovery under the

3

statute; (b) Defendants did not breach the insurance policy under which Plaintiffs purport to be claiming in this action; (c) Plaintiffs have not sustained any damages independent of Plaintiffs' alleged breach-of-contract theory; (d) Plaintiffs do not detrimentally rely upon any supposed acts, practices, or omissions of Defendants; (e) Plaintiffs' insurance claim was reasonably investigated and adjusted; (f) any alleged liability for Plaintiffs' insurance claim did not become and is not reasonably clear; and/or (g) there is a bona fide coverage dispute concerning Plaintiffs' insurance claim and the policy of insurance policy under which Plaintiffs purport to be claiming in this action.

**TENTH DEFENSE**

Plaintiffs are not entitled to recover any attorney fees as alleged in the Complaint in this action. "Until a duty to pay under an insurance policy has been established, there is no just amount owed." See *Beacon National Insurance Co. v. Glaze,* 114 S.W.3d 1, 6 (Tex. App. – Tyler 2003, pet. denied); see also *Sikes v. Zuloaga,* 830 S. W.2d 752, 754 (Tex. App. - Austin 1992, no writ).

**ELEVENTH DEFENSE**

To any extent Plaintiffs seek any recovery of exemplary or punitive damages in this action, Plaintiffs are unable to establish, by credible evidence meeting the requisite standard of proof, that Defendants were actually aware of any harm which Plaintiffs allege to have sustained as a result of the handling of Plaintiffs' insurance claim; therefore, under the holding of *Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10, 24 (Tex. 1994), Plaintiffs are not entitled to any alleged exemplary or punitive damages because Plaintiffs are unable to prove that Defendants were actually aware of an extreme risk resulting from the handling of Plaintiffs' claims.

### TWELFTH DEFENSE

Plaintiffs are unable to establish, by clear and convincing evidence, that Defendants acted with malice; therefore, under section 41.001(7) of the Texas Civil Practice and Remedies Code, Plaintiffs are not entitled to any supposed exemplary or punitive damages that Plaintiffs allege in this action. See, e.g., *Smith v. O'Donnell,* 288 S.W.3d 417, 423-424 (Tex. 2009); see also *Dillard Department Stores, Inc. v. Silva,* 148 S.W.3d 370, 373-374 (Tex. 2004); *Universal Services Co. v. Ung,* 904 S. W.2d 638, 640-641 (Tex. 1995).

### THIRTEENTH DEFENSE

Additionally, to the extent the Complaint filed by Plaintiffs in this action seeks any recovery of alleged punitive or exemplary damages, section 41.008 of the Texas Civil Practice and Remedies Code apply and any attempted recovery of alleged punitive or exemplary damages is subject to the statutory limits set forth therein, other applicable statutory authority, and common law.

### FOURTEENTH DEFENSE

Further, to any extent Plaintiffs seek any recovery of exemplary or punitive damages in this action, the same violates Article I, § 13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates the rights of Defendants to substantive and procedural due process as provided in Article I, § 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. See *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 433-434 (2001); see also *BMW Corp. of N. America, Inc. v. Gore,* 517 U.S. 559, 562 (1996). Moreover, as a matter of state and federal constitutional law and sound public policy, any findings supporting an award of exemplary damages must be

based on clear and convincing evidence, not a mere preponderance of the evidence. *Cf* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (2014) (clear and convincing evidentiary standard).

**FIFTEENTH DEFENSE**

To the extent any other persons or entities (including any other defendants, third party defendants, responsible third parties, or settling tortfeasors sued or who could have been sued in this action) caused or were proportionally responsible for any of the damages alleged in this action, then Defendants are entitled to credit or contribution from such other persons or entities in the unlikely event of any recovery by Plaintiffs of any alleged damages in this action. Defendants therefore respectfully ask that the trier of fact determine each such person's or entity's percentage of responsibility for causing or contributing to cause in any way any of the damages as alleged in this action. By doing so, Defendants do not in any way admit any liability but continues to deny the allegations as now or as may be later made against Defendants in this action.

**SIXTEENTH DEFENSE**

Under Texas law, Plaintiffs cannot recover consequential damages for breach or repudiation of an insurance policy. *See Standard Fire Insurance Co. v. Fraiman,* 588 S.W.2d 681, 683 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ refd n.r.e.); *Gross v. Connecticut General Life Insurance Co.,* 390 S. W.2d 388, 390 (Tex. Civ. App. - El Paso 1965, no writ); see also *Universe Life Insurance Co. v. Giles,* 950 S.W.2d 48, 60 (Tex. 1997) (Hecht, J., concurring in judgment) (insured's remedy for breach of contract "does not ordinarily include consequential damages").

**SEVENTEENTH DEFENSE**

In addition, any amount or recovery of actual damages supposedly sustained by Plaintiffs on account of any alleged breach of contract is limited to the subject insurance policy's applicable

6

limit or sublimit of coverage, less the pertinent deductible (if any and if not already applied), and with credit being given for any sums paid or that might be paid to Plaintiffs as a result of the insurance claim or claims as reported to Maison Insurance Company.

## EIGHTEENTH DEFENSE

Plaintiffs' cause of action is barred, in whole or in part, and Plaintiffs are not entitled to any relief on such causes of action, to the extent Plaintiffs failed or neglected to protect the property from further loss or failed or neglected to make reasonable and necessary repairs.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to satisfy one or more conditions precedent to recovery under the policy of insurance under which Plaintiffs purport to be claiming in this action. Among others, Plaintiffs failed to satisfy the condition precedent of demonstrating that there is any additional covered damage to Plaintiffs' property for which Plaintiffs have not already been compensated.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the loss or losses alleged by Plaintiffs were not fortuitous.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are additionally barred, in whole or in part, to the extent there has been no direct physical loss within the coverage of the insurance policy under which Plaintiffs purport to be claiming in this action.

Unofficial Copy Office of Marilyn Burgess District Clerk

**TWENTY-SECOND DEFENSE**

Plaintiffs' cause of action is barred, in whole or in part, and Plaintiffs are not entitled to any relief on Plaintiffs' causes of action because some or all of Plaintiffs' claims have been fully and fairly adjusted and, if applicable, payment made.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that granting the relief alleged by Plaintiffs would result in unjust enrichment.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiffs, person(s) acting on Plaintiffs' behalf, or third parties for whom Defendants are not legally responsible.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs brought this action without complying with the provisions of the policy under which Plaintiffs purport to be claiming in this action, including the "Your Duties After Loss" and "Suit Against Us" sections of such policy.

**TWENTY-SIXTH DEFENSE**

Plaintiffs are not entitled to recover any alleged damages for emotional distress or mental anguish for the mere denial of an insurance claim. See *Transportation Insurance Co. v. Moriel,* 819 S.W.2d 10, 17 (Tex. 1994); accord *Avila v. State Farm Fire & Casualty Co.,* 147 F.Supp.2d 570, 579-580 (W.D. Tex. 1999) (citing *Latham v. Castillo,* 972 S.W.2d 66, 70 [Tex. 1998]).

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs allege or otherwise seek to invoke the doctrines of waiver or estoppel in this action. The doctrines of waiver and estoppel cannot be used to change, re-write or otherwise enlarge the risks covered by an insurance policy, and may not be used to establish coverage for risks expressly excluded from the insurance policy. See, e.g., *Minnesota Mutual Life Insurance Co. v. Morse,* 487 S.W.2d 317, 319 (Tex. 1972); *Washington National Insurance Co. v. Craddock,* 130 Tex. 251, 254-255, 109 S.W.2d 165, 166-167 (1937); *Great American Reserve Insurance Co.* v. *Mitchell,* 335 S.W.2d 707, 708 (Tex. Civ. App. - San Antonio 1960, writ ref'd n.r.e.).

## TWENTY-EIGHTH DEFENSE

Defendants are entitled to an offset or credit for any and all sums paid or that might be paid to Plaintiffs as a result of the insurance claim alleged by Plaintiffs in the Complaint in this action and for the application of Plaintiffs' deductible.

## TWENTY- NINTH DEFENSE

In the alternative, and to the extent, if any, that other persons or entities caused any of the damages supposedly sustained by Plaintiffs, then Defendants were and are subrogated to Plaintiffs' claims against and entitled to reimbursement from all such other persons or entities by virtue of the payment or payments made or to be made by Maison Insurance Company incident to Plaintiffs' insurance claim.

## THIRTIETH DEFENSE

Plaintiffs failed to give proper pre-suit notice pursuant to Texas Insurance Code §542A.003 (a) through (b)(3). Specifically, Plaintiffs failed to adequately specify any supposed acts or

omissions by Defendants that they contend gave rise to the claim, and further failed to provide a calculation of attorney's fees as the statute requires to support their claim.

## THIRTY-FIRST DEFENSE

Defendants deny Plaintiffs are entitled to any attorney's fees. Any award of attorney's fees would be subject to the limitations and terms of Texas Insurance Code § 542A.007(a) through (d).

## THIRTY-SECOND DEFENSE

Defendants adopt by reference each defense not hereinabove alleged, if any, that may be alleged in any pleading filed in this action by any other defendant, third-party defendant, responsible third party, or other party or parties as may now or later be brought into this action.

## THIRTY-THIRD DEFENSE

Defendants assert the limitations for pre-judgment interest, if any that may be recoverable in this matter, as set forth in the Texas Finance Code, including but not limited to: Tex. Fin. Code §§ 304.104; 304.105; and 304.1045.

## THIRTY-FOURTH DEFENSE

Defendants reserve the right to invoke any applicable defenses or remedies under the policy, including but not limited to appraisal.

## THIRTY-FIFTH DEFENSE

And now, addressing the allegations of the individual Paragraphs of the Original Petitions, DEFENDANTS further answer the individual paragraphs as follows:

1. The allegations of Paragraphs 1 - 91 contain or imply legal conclusions for which no Answer is required; however, to the extent an answer is required, or to the extent factual allegations are contained therein, they are denied.

10

2. The factual allegations of Paragraphs 9 – 91 specifically are denied except to the extent that defendants only admit that there was a policy of insurance issued by Maison to plaintiff relative to the insured property, that plaintiff submitted a claim and that Maison through Burt and others adjusted the claim timely, properly, and in good faith. To the extent the insurance policy is implicated, Defendants aver that the written policy and all documents associated therein is best evidence of its contents and defendant hereby invokes all terms, conditions, limitations, deductibles, exclusions, endorsements or other provisions of said policy as though copied herein in extenso.

3. The factual allegations of Paragraphs 1, 2, 3  and 4 are admitted only as to plaintiffs' residency, that Maison does business in Texas, and has an agent for service, that a policy of insurance was issued.  Except as expressly admitted herein the allegations are otherwise denied.

4. Plaintiffs are placed on notice of the requirement of strict proof of all allegations.

## DEFENSES ASSERTED IN THE ALTERNATIVE

## AND RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

Each of the defenses of Defendants are asserted cumulatively and/or  in the alternative.

Defendants hereby give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this pleading to assert such defenses.  Defendants also reserve all procedural rights and all rights to seek redress in other forums and/or appraisal.

## JURY DEMAND

Defendants demand a trial by jury as to all issues that are properly before the court and so triable.

### PRAYER

Defendant respectfully prays for judgement of the Court dismissing Chris Burt immediately with prejudice based on the acceptance of liability by Maison per Texas Insurance Code 542A.006 (c).  Defendants further pray that this Answer and Defenses be deemed good and sufficient and that after due proceedings, plaintiffs' claims be dismissed with prejudice at plaintiffs' sole cost and that the plaintiffs take nothing by this suit, and for such other and further relief, both general and special, at law and equity, to which Defendant, MAISON, may show themselves justly entitled.

Respectfully submitted,

**BARRY & COMPANY, LLC**

STEPHEN R. BARRY
*A Professional Law Corporation*
(TX Bar Roll No. 24082195)
Southern District of Texas Federal ID No. 3205201
612 Gravier Street
New Orleans, Louisiana 70130
Telephone:  (504) 525-5553
Facsimile:  (504) 525-1909
Email: sbarry@barrylawco.com
***Attorneys for MAISON INSURANCE COMPANY and CHRIS BURT***

12

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

( ) Hand Delivery
( ) Facsimile
(X) Electronic Mail

( ) Prepaid U.S. Mail
( ) Federal Express
( ) PACER or other Court notification

New Orleans, Louisiana this 27th the day of December, 2019.

_____
**STEPHEN R. BARRY**

13

1/6/2020 4:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39708887
By: F Abdul-Bari
Filed: 1/6/2020 4:26 PM

CAUSE NO. 2019-83927

| | | |
|---|---|---|
| STEPHEN AND ASHLEY EWALD | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MAISON INSURANCE COMPANY | § | |
| AND CHRISTOPHER BURT, | § | |
| | § | |
| *Defendants,* | § | 215TH JUDICIAL DISTRICT |

## DEFENDANTS' MOTION TO DISMISS CHRISTOPHER BURT PURSUANT TO SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Maison Insurance Company ("Maison") and Christopher Burt, Defendants, and file this, their Motion to Dismiss Defendant Christopher Burt Pursuant to Section 542A.006 of the Texas Insurance Code. In support thereof, Defendants would respectfully show unto the Court the following:

### FACTS

On or about November 21, 2019, Plaintiff filed suit against Defendants Maison and Mr. Burt, alleging claims for fraud, breach of contract, violations of the Texas Insurance Code and Deceptive Trade Practices Act, unfair insurance practices, and breaches of the duty of good faith and fair dealing.

On December 27, 2019, Maison notified Plaintiff and the Court in writing of its election to accept any liability that may be imposed on Mr. Burt in the case pursuant to Section 542A.006 of the Texas Insurance Code.[1] The notice provided in Defendants Answer to the Petition and served on Plaintiff's via their counsel of record.

---

[1] *See* **Exhibit A,** Defendants' Defendants' Election to Accept Liability per Texas Insurance Code 542 A.006 and Answer to Plaintiff's Original Petition and Jury Demand and Exhibit B Notice of Service.

Unofficial Copy

## MOTION TO DISMISS CHRISTOPHER BURT

Chapter 542A of the Texas Insurance Code is applicable to this case. Chapter 542A applies to cases involving claims for breach of contract, misrepresentation, breach of common law duties, actions involving Chapters 541 and 542 of the Texas Insurance Code, and Chapter 17 of the Business & Commerce Code (the Texas Deceptive Trade Practices Act). Tex. Ins. Code § 542A.002(a). These are the causes of action alleged by the Plaintiff against both Maison and Mr. Burt in this case. Accordingly, Chapter 542A applies to the case.

Christopher Burt must be dismissed from this cause of action with prejudice pursuant to Section 542A.006. An insurer may elect to accept "whatever liability an agent might have to the claimant," and does so by providing written notice to the claimant. §542A.006(a). When the insurer makes such an election after the filing of suit, the Court *must* dismiss the claims against the agent with prejudice. §542A.006(c). Here, Plaintiff sued Maison and Mr. Burt on November 21, 2019. Maison made its election pursuant to Section 542A.006 on which was served on plantiffs. Because Maison has made its written election in accordance with and pursuant to the terms of Section 542A.006, the mandatory language of Section 542 A.006 (c) requires that Defendant Christopher Burt must be dismissed from this cause with prejudice.

## <u>CONCLUSION AND PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendants Maison Insurance Company and Christopher Burt respectfully prays that this Court grant its Motion to Dismiss and dismiss with prejudice all claims filed by Plaintiff against Christopher Burt, and for such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

[SIGNATURE BLOCK ON SUBSEQUENT PAGE]

Respectfully submitted,

BARRY & COMPANY, LLC

By: _____

STEPHEN R. BARRY
*A Professional Law Corporation*
(TX Bar Roll No. 24082195)
Southern District of Texas
Federal ID No. 3205201
612 Gravier Street
New Orleans, Louisiana 70130
Telephone: (504) 525-5553
Facsimile:  (504) 525-1909
Email: sbarry@barrylawco.com
***Attorney for MAISON INSURANCE CO.***
***and CHRISTOPHER BURT***

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

( )   Hand Delivery                    ( )   Prepaid U.S. Mail
( )   Facsimile                        ( )   Federal Express
( )   Electronic Mail                  ( )   PACER or other Court notification

New Orleans, Louisiana this, the ____ day of January, 2020.

_____

**STEPHEN R. BARRY**

CAUSE NO. 2019-83927

| | | |
|---|---|---|
| STEPHEN AND ASHLEY EWALD | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MAISON INSURANCE COMPANY | § | |
| AND CHRISTOPHER BURT, | § | |
| | § | |
| *Defendants,* | § | 215TH JUDICIAL DISTRICT |

## <u>ORDER</u>

On this day, the Court considered Defendants' Motion to Dismiss Christopher Burt pursuant to Section 542A.006 of the Texas Insurance Code. After reviewing and considering the motion and any response thereto, this Court is of the opinion that the Motion should be GRANTED. It is therefore

ORDERED, ADJUDGED, AND DECREED that Defendants' Motion to Dismiss Defendant Christopher Burt Pursuant to Chapter 542A.006 of the Texas Insurance Code is hereby GRANTED. It is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff's claims against Defendant Christopher Burt are hereby DISMISSED WITH PREJUDICE.

SIGNED this _____ day of _____, 2020.

_____
HONORABLE ELAINE H. PALMER
JUDGE, 215TH CIVIL COURT

Unofficial Copy

CAUSE NO. 2019-83927/COURT: 215

| | | |
|---|---|---|
| STEPHEN AND ASHLEY EWALD | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MAISON INSURANCE COMPANY | § | |
| AND CHRISTOPHER BURT, | § | |
| | § | |
| *Defendants,* | § | _____JUDICIAL DISTRICT |

## DEFENDANTS' ELECTION TO ACCEPT LIABILITY
## PER TEXAS INSURANCE CODE 542 A.006,
## ANSWER TO PLAINTIFF'S ORIGINAL PETITION, AND JURY DEMAND

MAISON INSURANCE COMPANY and CHRISTOPHER BURT, have been named as Defendants in the above styled cause, and in answer to the Plaintiff's Original Petition filed therein would respectfully show the court and jury the following:

### MAISON'S ELECTION TO ACCEPT LIABILITY OF CHRIS BURT

Pursuant to the provisions of Texas Insurance Code Section 542A.006 (a) Defendant Maison hereby provides notice of its election to accept liability for whatever liability its adjuster/agent – Burt – might have to plaintiffs for Burt's alleged acts or omission in connection with the claim at issue herein as set for in the Petition.

As such Section 542A.006 (c) mandates that the court "shall dismiss the agent [Burt] with prejudice."

1



Unofficial Copy

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations contained within Plaintiffs' Original Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

## FIRST DEFENSE

Defendants specifically plead that the plaintiffs' Petition fails to state a claim upon which relief can be granted. Defendant, Burt invokes Texas Insurance Code Section 542A.006.

## SECOND DEFENSE

Plaintiffs have failed to comply with the policy's provisions despite proper notice by Maison.

## THIRD DEFENSE

Defendants specifically plead all terms, conditions, limitations and exclusions in the relevant insurance policy, which is incorporated by reference as though reproduced *in extenso*, including but not limited to the applicable policy limits, deductibles, exclusions, definitions, loss adjustment provisions, repair and replacement and depreciation provisions, appraisal provisions and all other provisions of the policy and/or amendments and endorsements that apply to the claimed loss.

## FOURTH DEFENSE

Plaintiffs' claim is barred, in whole or in part, because Plaintiffs' insurance claim was reasonably investigated, adjusted and the results conveyed to plaintiff. Any alleged liability for the insurance claim in question is denied, or alternatively did not become and is not reasonably clear based on defendants fair and reasonable adjustment that was supported by inspections and expert evaluation. Defendants properly applied the deductible and the policy term and pre-existing

2

Unofficial Copy

damages provisions of the policy and properly concluded that no amounts were owed to plaintiff's for this alleged loss.

## FIFTH DEFENSE

Plaintiffs' claim is barred, in whole or in part, because there exist bona fide and legitimate issues with regard to the construction or applicability of certain insurance policy provisions and exclusions, compliance by Plaintiffs with obligations under the policy under which Plaintiffs purport to be claiming in this action, the nature and extent of the damages and losses alleged by Plaintiffs, and the reasonableness of the sums claimed by Plaintiffs.

## SIXTH DEFENSE

Plaintiffs cause of action is barred and Plaintiffs are not entitled to any relief on the alleged causes of action to the extent that Plaintiffs failed to mitigate Plaintiffs' contended damages.

## SEVENTH DEFENSE

Plaintiffs have the duty to establish the applicability of any exception to a policy exclusion by the greater weight and degree of credible evidence.

## EIGHTH DEFENSE

To any extent Plaintiffs allege any breach of the duty of good faith and fair dealing, Plaintiffs are precluded from any such recovery in the absence of any breach of the policy of insurance under which Plaintiffs purport to be claiming in this action. See *Liberty Mutual Insurance Co. v. Akin.* 927 S.W.2d 627, 629 (Tex. 1996).

## NINTH DEFENSE

To any extent Plaintiffs allege any supposed claims under the Texas Insurance Code in the Complaint, Plaintiffs are precluded from any recovery or relief thereunder because, among other things, (a) Plaintiffs failed to satisfy one or more conditions precedent to any recovery under the

3

statute; (b) Defendants did not breach the insurance policy under which Plaintiffs purport to be claiming in this action; (c) Plaintiffs have not sustained any damages independent of Plaintiffs' alleged breach-of-contract theory; (d) Plaintiffs do not detrimentally rely upon any supposed acts, practices, or omissions of Defendants; (e) Plaintiffs' insurance claim was reasonably investigated and adjusted; (f) any alleged liability for Plaintiffs' insurance claim did not become and is not reasonably clear; and/or (g) there is a bona fide coverage dispute concerning Plaintiffs' insurance claim and the policy of insurance policy under which Plaintiffs purport to be claiming in this action.

## TENTH DEFENSE

Plaintiffs are not entitled to recover any attorney fees as alleged in the Complaint in this action. "Until a duty to pay under an insurance policy has been established, there is no just amount owed." See *Beacon National Insurance Co. v. Glaze,* 114 S.W.3d 1, 6 (Tex. App. – Tyler 2003, pet. denied); see also *Sikes v. Zuloaga,* 830 S. W.2d 752, 754 (Tex. App. - Austin 1992, no writ).

## ELEVENTH DEFENSE

To any extent Plaintiffs seek any recovery of exemplary or punitive damages in this action, Plaintiffs are unable to establish, by credible evidence meeting the requisite standard of proof, that Defendants were actually aware of any harm which Plaintiffs allege to have sustained as a result of the handling of Plaintiffs' insurance claim; therefore, under the holding of *Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10, 24 (Tex. 1994), Plaintiffs are not entitled to any alleged exemplary or punitive damages because Plaintiffs are unable to prove that Defendants were actually aware of an extreme risk resulting from the handling of Plaintiffs' claims.

4

## TWELFTH DEFENSE

Plaintiffs are unable to establish, by clear and convincing evidence, that Defendants acted with malice; therefore, under section 41.001(7) of the Texas Civil Practice and Remedies Code, Plaintiffs are not entitled to any supposed exemplary or punitive damages that Plaintiffs allege in this action. See, e.g., *Smith v. O'Donnell,* 288 S.W.3d 417, 423-424 (Tex. 2009); see also *Dillard Department Stores, Inc. v. Silva,* 148 S.W.3d 370, 373-374 (Tex. 2004); *Universal Services Co. v. Ung,* 904 S. W.2d 638, 640-641 (Tex. 1995).

## THIRTEENTH DEFENSE

Additionally, to the extent the Complaint filed by Plaintiffs in this action seeks any recovery of alleged punitive or exemplary damages, section 41.008 of the Texas Civil Practice and Remedies Code apply and any attempted recovery of alleged punitive or exemplary damages is subject to the statutory limits set forth therein, other applicable statutory authority, and common law.

## FOURTEENTH DEFENSE

Further, to any extent Plaintiffs seek any recovery of exemplary or punitive damages in this action, the same violates Article I, § 13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates the rights of Defendants to substantive and procedural due process as provided in Article I, § 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. See *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 433-434 (2001); see also *BMW Corp. of N. America, Inc. v. Gore,* 517 U.S. 559, 562 (1996). Moreover, as a matter of state and federal constitutional law and sound public policy, any findings supporting an award of exemplary damages must be

5

Unofficial Copy

based on clear and convincing evidence, not a mere preponderance of the evidence. *Cf* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (2014) (clear and convincing evidentiary standard).

## FIFTEENTH DEFENSE

To the extent any other persons or entities (including any other defendants, third party defendants, responsible third parties, or settling tortfeasors sued or who could have been sued in this action) caused or were proportionately responsible for any of the damages alleged in this action, then Defendants are entitled to credit or contribution from such other persons or entities in the unlikely event of any recovery by Plaintiffs of any alleged damages in this action. Defendants therefore respectfully ask that the trier of fact determine each such person's or entity's percentage of responsibility for causing or contributing to cause in any way any of the damages as alleged in this action. By doing so, Defendants do not in any way admit any liability but continues to deny the allegations as now or as may be later made against Defendants in this action.

## SIXTEENTH DEFENSE

Under Texas law, Plaintiffs cannot recover consequential damages for breach or repudiation of an insurance policy. See *Standard Fire Insurance Co. v. Fraiman*, 588 S.W.2d 681, 683 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ refd n.r.e.); *Gross v. Connecticut General Life Insurance Co.*, 390 S. W.2d 388, 390 (Tex. Civ. App. - El Paso 1965, no writ); see also *Universe Life Insurance Co. v. Giles*, 950 S.W.2d 48, 60 (Tex. 1997) (Hecht, J., concurring in judgment) (insured's remedy for breach of contract "does not ordinarily include consequential damages").

## SEVENTEENTH DEFENSE

In addition, any amount or recovery of actual damages supposedly sustained by Plaintiffs on account of any alleged breach of contract is limited to the subject insurance policy's applicable

6

limit or sublimit of coverage, less the pertinent deductible (if any and if not already applied), and with credit being given for any sums paid or that might be paid to Plaintiffs as a result of the insurance claim or claims as reported to Maison Insurance Company.

## EIGHTEENTH DEFENSE

Plaintiffs' cause of action is barred, in whole or in part, and Plaintiffs are not entitled to any relief on such causes of action, to the extent Plaintiffs failed or neglected to protect the property from further loss or failed or neglected to make reasonable and necessary repairs.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to satisfy one or more conditions precedent to recovery under the policy of insurance under which Plaintiffs purport to be claiming in this action. Among others, Plaintiffs failed to satisfy the condition precedent of demonstrating that there is any additional covered damage to Plaintiffs' property for which Plaintiffs have not already been compensated.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the loss or losses alleged by Plaintiffs were not fortuitous.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are additionally barred, in whole or in part, to the extent there has been no direct physical loss within the coverage of the insurance policy under which Plaintiffs purport to be claiming in this action.

7

Unofficial Copy

### TWENTY-SECOND DEFENSE

Plaintiffs' cause of action is barred, in whole or in part, and Plaintiffs are not entitled to any relief on Plaintiffs' causes of action because some or all of Plaintiffs' claims have been fully and fairly adjusted and, if applicable, payment made.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that granting the relief alleged by Plaintiffs would result in unjust enrichment.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiffs, person(s) acting on Plaintiffs' behalf, or third parties for whom Defendants are not legally responsible.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs brought this action without complying with the provisions of the policy under which Plaintiffs purport to be claiming in this action, including the "Your Duties After Loss" and "Suit Against Us" sections of such policy.

### TWENTY-SIXTH DEFENSE

Plaintiffs are not entitled to recover any alleged damages for emotional distress or mental anguish for the mere denial of an insurance claim. See *Transportation Insurance Co. v. Moriel*, 819 S.W.2d 10, 17 (Tex. 1994); accord *Avila v. State Farm Fire & Casualty Co.*, 147 F.Supp.2d 570, 579-580 (W.D. Tex. 1999) (citing *Latham v. Castillo*, 972 S.W.2d 66, 70 [Tex. 1998]).

8

Unofficial Copy

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs allege or otherwise seek to invoke the doctrines of waiver or estoppel in this action. The doctrines of waiver and estoppel cannot be used to change, re-write or otherwise enlarge the risks covered by an insurance policy, and may not be used to establish coverage for risks expressly excluded from the insurance policy. See, e.g., *Minnesota Mutual Life Insurance Co. v. Morse*, 487 S.W.2d 317, 319 (Tex. 1972); *Washington National Insurance Co. v. Craddock*, 130 Tex. 251, 254-255, 109 S.W.2d 165, 166-167 (1937); *Great American Reserve Insurance Co. v. Mitchell*, 335 S.W.2d 707, 708 (Tex. Civ. App. - San Antonio 1960, writ ref'd n.r.e.).

## TWENTY-EIGHTH DEFENSE

Defendants are entitled to an offset or credit for any and all sums paid or that might be paid to Plaintiffs as a result of the insurance claim alleged by Plaintiffs in the Complaint in this action and for the application of Plaintiffs' deductible.

## TWENTY- NINTH DEFENSE

In the alternative, and to the extent, if any, that other persons or entities caused any of the damages supposedly sustained by Plaintiffs, then Defendants were and are subrogated to Plaintiffs' claims against and entitled to reimbursement from all such other persons or entities by virtue of the payment or payments made or to be made by Maison Insurance Company incident to Plaintiffs' insurance claim.

## THIRTIETH DEFENSE

Plaintiffs failed to give proper pre-suit notice pursuant to Texas Insurance Code §542A.003 (a) through (b)(3). Specifically, Plaintiffs failed to adequately specify any supposed acts or

9

omissions by Defendants that they contend gave rise to the claim, and further failed to provide a calculation of attorney's fees as the statute requires to support their claim.

## THIRTY-FIRST DEFENSE

Defendants deny Plaintiffs are entitled to any attorney's fees. Any award of attorney's fees would be subject to the limitations and terms of Texas Insurance Code § 542A.007 (a) through (d).

## THIRTY-SECOND DEFENSE

Defendants adopt by reference each defense not hereinabove alleged, if any, that may be alleged in any pleading filed in this action by any other defendant, third-party defendant, responsible third party, or other party or parties as may now or later be brought into this action.

## THIRTY-THIRD DEFENSE

Defendants assert the limitations for pre-judgment interest, if any that may be recoverable in this matter, as set forth in the Texas Finance Code, including but not limited to: Tex. Fin. Code §§ 304.104; 304.105; and 304.1045.

## THIRTY-FOURTH DEFENSE

Defendants reserve the right to invoke any applicable defenses or remedies under the policy, including but not limited to appraisal.

## THIRTY-FIFTH DEFENSE

And now, addressing the allegations of the individual Paragraphs of the Original Petitions, DEFENDANTS further answer the individual paragraphs as follows:

1. The allegations of Paragraphs 1 - 91 contain or imply legal conclusions for which no Answer is required; however, to the extent an answer is required, or to the extent factual allegations are contained therein, they are denied.

10

2.  The factual allegations of Paragraphs 9 – 91 specifically are denied except to the extent that defendants only admit that there was a policy of insurance issued by Maison to plaintiff relative to the insured property, that plaintiff submitted a claim and that Maison through Burt and others adjusted the claim timely, properly, and in good faith. To the extent the insurance policy is implicated, Defendants aver that the written policy and all documents associated therein is best evidence of its contents and defendant hereby invokes all terms, conditions, limitations, deductibles, exclusions, endorsements or other provisions of said policy as though copied herein in extenso.

3.  The factual allegations of Paragraphs 1, 2, 3  and 4 are admitted only as to plaintiffs' residency, that Maison does business in Texas, and has an agent for service, that a policy of insurance was issued.  Except as expressly admitted herein the allegations are otherwise denied.

4.  Plaintiffs are placed on notice of the requirement of strict proof of all allegations.

## DEFENSES ASSERTED IN THE ALTERNATIVE
## AND RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

Each of the defenses of Defendants are asserted cumulatively and/or in the alternative.

Defendants hereby give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this pleading to assert such defenses.  Defendants also reserve all procedural rights and all rights to seek redress in other forums and/or appraisal.

## JURY DEMAND

Defendants demand a trial by jury as to all issues that are properly before the court and so triable.

11

Unofficial Copy

## PRAYER

Defendant respectfully prays for judgement of the Court dismissing Chris Burt immediately with prejudice based on the acceptance of liability by Maison per Texas Insurance Code 542A.006 (c).  Defendants further pray that this Answer and Defenses be deemed good and sufficient and that after due proceedings, plaintiffs' claims be dismissed with prejudice at plaintiffs' sole cost and that the plaintiffs take nothing by this suit, and for such other and further relief, both general and special, at law and equity, to which Defendant, MAISON, may show themselves justly entitled.

Respectfully submitted,

**BARRY & COMPANY, LLC**

STEPHEN R. BARRY
*A Professional Law Corporation*
(TX Bar Roll No. 24082195)
Southern District of Texas Federal ID No. 3205201
612 Gravier Street
New Orleans, Louisiana 70130
Telephone:  (504) 525-5553
Facsimile:  (504) 525-1909
Email:  sbarry@barrylawco.com
*Attorneys for MAISON INSURANCE COMPANY and CHRIS BURT*

12

Unofficial Copy

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

( ) Hand Delivery        ( ) Prepaid U.S. Mail
( ) Facsimile            ( ) Federal Express
(X) Electronic Mail      ( ) PACER or other Court notification

New Orleans, Louisiana this 27th the day of December, 2019.

_____
STEPHEN R. BARRY

13

CAUSE NO.  201983927

RECEIPT NO.                    0.00      CIV
          **********      TR # 73699112

PLAINTIFF: EWALD, STEPHEN
          vs.                        In The   215th
DEFENDANT: MAISON INSURANCE COMPANY  Judicial District Court
                                     of Harris County, Texas
                                     215TH DISTRICT COURT
                                     Houston, TX

                          CITATION
THE STATE OF TEXAS
County of Harris

TO: BURT, CHRISTOPHER
    16516  EL CAMINO REAL SUITE 327   HOUSTON TX 77062 - 5723
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 21st day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

       YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
       This citation was issued on 22nd day of November, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY                    MARILYN BURGESS, District Clerk
455  EAST MEDICAL CENTER BLVD        Harris County, Texas
SUITE 555                            201 Caroline, Houston, Texas 77002
WEBSTER, TX  77598                   (P.O. Box 4651, Houston, Texas 77210)
Tel: (832) 415-1432
Bar No.: 24079587                    Generated By: GILBERT, COURTNI NICOLE
                                     US04/11386324

                 OFFICER/AUTHORIZED PERSON RETURN
Came to hand at 1:40 o'clock P.M., on the 26 day of November, 2019.
Executed at (address) 14210 LEAFY ELM COURT HOUSTON TX 77062   in
HARRIS   County at 4:09 o'clock P.M., on the 2 day of DECEMBER
2019, by delivering to CHRISTOPHER BURT   defendant, in person, a
true copy of this Citation together with the accompanying 1 copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 2 day of DECEMBER, 2019.

FEE: $_____
                              AUGUSTINE EZEMBA
                              of HARRIS County, Texas
Augustine PSC # 14730 Exp. 04/30/2021
          Affiant            By _____N/A_____
                                   Deputy

On this day, AUGUSTINE EZEMBA , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 2nd day of December 2019.

                              Notary Public

N.INF.CITR.P                  *73699112*

EXHIBIT
B

Unofficial Copy

1/31/2020 11:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40453044
By: F Abdul-Bari
Filed: 1/31/2020 11:06 AM

CAUSE NO. 2019-83927

| | | |
|---|---|---|
| STEPHEN AND ASHLEY EWALD | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MAISON INSURANCE COMPANY | § | |
| AND CHRISTOPHER BURT, | § | |
| | § | |
| *Defendants,* | § | 215TH JUDICIAL DISTRICT |

## ORDER

On this day, the Court considered the Joint Motion to Dismiss Christopher Burt pursuant to Section 542A.006 of the Texas Insurance Code. After reviewing and considering the motion and any response thereto, this Court is of the opinion that the Motion should be GRANTED.

It is therefore ORDERED, ADJUDGED, AND DECREED that the Joint Motion to Dismiss Defendant Christopher Burt Pursuant to Chapter 542A.006 of the Texas Insurance Code is hereby GRANTED. It is further

ORDERED, ADJUDGED, AND DECREED that Plaintiffs' claims against Defendant Christopher Burt are hereby DISMISSED WITH PREJUDICE.

SIGNED this _____ day of _____, 2020.

Signed:
2/4/2020

_____
HONORABLE ELAINE H. PALMER
JUDGE, 215TH CIVIL COURT

Certified Document Number: 89268800 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 5, 2020

Certified Document Number:        89268800 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2019-83927

| | | |
|---|---|---|
| STEPHEN AND ASHLEY EWALD | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MAISON INSURANCE COMPANY | § | |
| AND CHRISTOPHER BURT, | § | |
| | § | |
| *Defendants,* | § | 215TH JUDICIAL DISTRICT |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Clerk of Court
      215th Judicial District Court
      Harris County, Texas

PLEASE TAKE NOTICE that Defendant in this action, Maison Insurance Company, has filed with the Clerk of the United States District Court for the Southern District of Texas a Notice of Removal pursuant to federal law, a copy of which is attached as Exhibit "A" and filed with this document, and that this action is removed to the United States District Court for the Southern District of Texas as of February 12, 2020. This Court is respectfully requested to take no further action in this matter unless and until this matter may be remanded by order of the United States District Court.

*[Signature block occurs on page 2]*

Respectfully submitted,

BARRY & COMPANY, LLC


By: /s/ Stephen R. Barry
STEPHEN R. BARRY
*A Professional Law Corporation*
(TX Bar Roll No. 24082195)
Southern District of Texas
Federal ID No. 3205201
612 Gravier Street
New Orleans, Louisiana 70130
Telephone: (504) 525-5553
Facsimile:  (504) 525-1909
Email: sbarry@barrylawco.com
**Attorney for MAISON INSURANCE CO.
and CHRISTOPHER BURT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| (  ) | Hand Delivery | (  ) | Prepaid U.S. Mail |
| (  ) | Facsimile | (  ) | Federal Express |
| ( X) | Electronic Mail | (  ) | PACER or other Court notification |

New Orleans, Louisiana this, the 13th day of February, 2020.


/s/ Stephen R. Barry
**STEPHEN R.**